UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNNY DOWNS,

                Plaintiff,

v.                                    9:10-CV-1029
                                        (GLS/TWD)
DR. GILANI, MS. THOMAS,
DR. LEE,

                Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

JOHNNY DOWNS
Plaintiff *pro se*
320 New Scotland Avenue
Albany, NY 12208

HON. ERIC T. SCHNEIDERMAN                  RICHARD LOMBARDO, ESQ.
Attorney General for the State of New York       Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court.  Defendants move pursuant to Federal Rule of Civil Procedure 41(b) to dismiss the case for Plaintiff's failure to update his address.  Mem. Law Supp. Defs.' Mot. Dismiss, ECF No. 31-3.  For the reasons discussed below, I recommend that Defendants' motion

be denied.

I.   PROCEDURAL SUMMARY

Plaintiff, who was then an inmate at Clinton Correctional Facility, commenced this action on August 25, 2010.  Compl., ECF No. 1.  On November 16, 2010, the Court issued an Order that, *inter alia*, required Plaintiff to "**promptly notify the Clerk's Office and all parties or their counsel, in writing,  of any change in his address; his failure to do so will result in the dismissal of this action**."  Mem. Decision & Order 7, ECF No. 7 (emphasis in original).

On March 25, 2011, Plaintiff was released from Clinton Correctional Facility and committed to the Capital District Psychiatric Center.  Lombardo Decl. ¶ 7, ECF No. 31-1.  On March 31, 2011, Plaintiff filed a notice of change of address.  Notice, ECF No. 23.

On June 3, 2011, the Court held a telephone conference with the parties.  Lombardo Decl. ¶ 10, ECF No. 31-1.  Magistrate Judge George H. Lowe[1] reminded Plaintiff of his obligation to inform the Court and defense counsel of his new address if he was released.  *Id*.

Plaintiff's deposition was conducted on June 24, 2011, at the Capital District Psychiatric Center.  *Id*. ¶ 11.

On August 31, 2011, Plaintiff was released from the Capital District Psychiatric Center.  Kaiser Decl. ¶ 3, ECF No. 31-2.

On September 16, 2011, Defendants filed the pending motion to dismiss, arguing that the action should be dismissed because Plaintiff failed to update his address.  Mot. Dismiss, ECF No. 31.  Plaintiff has not opposed the motion, despite having been cautioned to do so.  Order, ECF

---

[1]   Judge Lowe retired on February 9, 2012.  This case was reassigned to the undersigned on February 10, 2012.  Order, ECF No. 36.

No. 35. However, on October 2, 2011, Plaintiff advised the Court of his new address.[2] Notice, ECF No. 34.

**II.     ANALYSIS**

Rule 41 of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  The appropriateness of dismissing an action pursuant to Rule 41(b) is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order [or the court's procedural rules], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted).

The factors as applied here do not weigh in favor of dismissal.  Plaintiff was on notice that any failure to update his address could result in dismissal, and he complied within six weeks of his release from the Capital District Psychiatric Center.  Defendants have not argued that they have been prejudiced by any delay in the proceedings. Plaintiff's interest in receiving a fair chance to be heard outweighs the minor delay that has occurred with the Court's docket.  Finally, the Court has not previously considered any sanction less drastic than dismissal.  Therefore, it is recommended that the Court deny Defendants' motion to dismiss.

---

[2]     The change of address notice is dated October 2, 2011, but was received by the Court on October 11, 2011.  Notice, ECF No. 34.

ACCORDINGLY, it is

RECOMMENDED that Defendants' motion to dismiss (Dkt. No. 31) be **DENIED**; and it is further

RECOMMENDED that upon acting on this Report-Recommendation, the District Court refer the matter to the undersigned to reset the deadline for dispositive motions.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: March 8, 2012
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge