**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOHNNY DOWNS,**

                **Plaintiff,**　　　　　　　　**9:10-cv-1029
　　　　　　　　　　　　　　　　　　　　　　　　(GLS/TWD)**

        **v.**

**DR. GILANI et al.,**

                **Defendants.**
_____

**APPEARANCES:**　　　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Johnny Downs
Pro Se
Capital District Psychiatric Center
Clear View Center Inc.
320 New Scotland Avenue
Albany, NY 12208

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN　　　RICHARD LOMBARDO
New York State Attorney General　　Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pending before the court is the motion of Dr. Sohail Gillani,[1] Rebecca Thomas,[2] and Dr. Kang Lee seeking summary judgment in this 42 U.S.C. § 1983 action, which seeks only monetary damages. (*See* Compl., Dkt. No. 1; Dkt. No. 41.) Plaintiff *pro se* Johnny Downs has failed to respond to the motion despite being provided with a notification of the consequences of his failure to respond by both defendants and the court. (*See* Dkt. No. 41 at 4; Dkt. No. 42.)[3] In any event, the motion is granted and Downs' Complaint is dismissed.

## II. Background

Downs, a former prisoner, arrived at Clinton Correctional Facility on June 30, 2009. (*See* Dkt. No. 41, Attach. 18 at 11, 13.) He claims that he was placed in the Observation Unit at Clinton for three periods of time—June 30, 2009 to July 16, 2009, June 17, 2010 to June 23, 2010, and July 28, 2010 to August 2, 2010—deprived of footwear and eating

---

[1] Dr. Gillani's name is misspelled throughout the Complaint. (*See* Compl. at 1, 10-13, Dkt. No. 1.)

[2] Thomas is referred to throughout the Complaint as only "Ms. Thomas." (*See* Compl. at 11-13.)

[3] Pursuant to Local Rule 7.1(a)(3) and the notification issued to Downs, (*see* Dkt. No. 41 at 4; Dkt. No. 42), defendants properly supported statement of material facts is deemed admitted.

2

utensils on each occasion, and endured an unclean floor during the first of those three stays. (*See* Compl. at 10-13.) Downs attributes these claims to Dr. Gillani and Thomas. (*See id.*) Downs contends further that, on July 2 and 9, 2009 he was forcibly injected with lithium at the hands of Dr. Gillani. (*See id.* at 10-11.) Finally, Downs alleges that Dr. Lee denied him insulin injections on June 4, 2010, July 24, 2010, and August 3, 2010. (*See id.* at 14.)

The instant summary judgment motion was filed on June 14, 2012. (*See* Dkt. No. 41.) Despite the passage of more than eight months, and being notified of the due date for his response and the consequences of his failure to respond, (*see id.* at 4; Dkt. No. 42), Downs has made no submission to oppose the motion.[4]

### III. Standard of Review

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011).

---

[4] The court notes that, in accordance with Local Rule 41.2, Downs' extensive delay is presumptive evidence of his failure to prosecute the action.

## IV. <u>Discussion</u>

Defendants move for summary judgment on a host of grounds, including lack of personal involvement, failure to exhaust administrative remedies, and that the alleged constitutional violations did not occur. (*See generally* Dkt. No. 41 at 3-21.) First, Downs' claims that he was placed in the Observation Unit with bare feet, no eating utensils, and, on one occasion, a dirty floor, (*see* Compl. at 10-13), are dismissed. Downs' allegations amount to claims under the Eighth Amendment related to his "conditions-of-confinement."[5] *Brown v. McGinnis*, No. 05-CV-758S, 2012 WL 267638, at *5 (W.D.N.Y. Jan. 30, 2012). To prevail on such claims, a plaintiff must show that: "(1) the conditions of his confinement were so serious that they constituted a denial of the 'minimal civilized measure of life's necessities[;]' and (2) the prison officials acted with 'deliberate

---

[5] To the extent that Downs' claims may be construed as attacking his placement in the Observation Unit, apart from the conditions he was allegedly subjected to while therein, (*see* Dkt. No. 41, Attach. 17 at 3-7), the clear evidence that he was suffering from psychotic episodes, was a danger to himself and others, was generally psychiatrically unstable, and was paranoid in and around the dates that he was placed in the Observation Unit warrants dismissal of any such claims. *See generally Gonzales v. Carpenter*, No. 9:08-CV-629, 2011 WL 768990, at *11 (N.D.N.Y. Jan. 3, 2011) (collecting cases); (Dkt. No. 41, Attach. 2 ¶¶ 23, 28, 46, 48, 53, 55, 60.)

4

indifference.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991)). Importantly, "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffit v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).

Here, defendants unopposed evidence shows that, at a minimum, Dr. Gillani and Thomas, were not personally involved.[6] Dr. Gillani and Thomas had no responsibility for the provision of footwear, eating utensils, or maintenance. Those activities were to be carried out by other staff members at Clinton. (*See* Dkt. No. 41, Attach. 11 ¶ 4.) Accordingly, the conditions-of-confinement claims against Gillani and Thomas are dismissed for lack of personal involvement.

Moving to Downs' allegation that his constitutional rights were violated by forceful and involuntary lithium injections, (*see* Compl. at 10-11), defendants are entitled to judgment on that claim too. As shown through Dr. Gillani's declaration, any liberty interest Downs had in refusing

---

[6] It is also apparent that Downs likely failed to exhaust his administrative remedies with respect to greivable issues, including his allegation that he was without shoes and eating utensils, his cell was dirty, and Dr. Gillani and Thomas acted with deliberate indifference. (*See generally* Dkt. No. 41, Attach. 12 ¶¶ 12, 13, 15; Attach. 17 at 7-12.)

treatment was overridden by the emergency posed by his mental state, which rendered him an immediate danger to himself and others. *See Odom v. Bellvue Hosp. Ctr.*, No. 93 Civ. 2794, 1994 WL 323666, at *3 (S.D.N.Y. July 5, 1994); (Dkt. No. 41, Attach. 2 ¶¶ 23, 28.) Moreover, Downs was not administered lithium; instead, he received ten milligrams of Haldol, an anti-psychotic medication, on July 2, 2009 and July 9, 2009, to counteract his dangerous mental state. (*See* Dkt. No. 41, Attach. 2 ¶¶ 23-25, 27-29.)

Lastly, Downs' claim that Dr. Lee was deliberately indifferent to his serious medical needs by denying him insulin injections on June 4, 2010, July 24, 2010, and August 3, 2010, (*see* Compl. at 14), is also without merit. First, Downs failed to grieve the issue, (*see* Dkt. No. 41, Attach. 12 ¶¶ 13-15), a prerequisite to recovery under section 1983 under the Prisoner Litigation Reform Act, *see* 42 U.S.C. § 1997e(a), even though he indicated that he was aware that he could have and admitted he was not prevented from doing so, (*see* Dkt. No. 41, Attach. 18, at 101). Second, Dr. Lee was not personally involved in the alleged violations nor did he have any responsibility for the administration of the injections; nurses administer insulin injections at Clinton. (*See* Dkt. No. 41, Attach. 13 ¶¶ 13-

6

14; Attach. 14 ¶ 16.) Further, nurse Jeffrey Taylor's declaration establishes that Downs received his insulin injection on August 3, 2010, despite Downs' claim to the contrary. (*Compare* Compl. at 14, *with* Dkt. No. 41, Attach. 15 ¶ 4.) Accordingly, all claims against Dr. Lee are also dismissed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 41) is **GRANTED**; and it is further

**ORDERED** that Downs' Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties in accordance with the local rules.

**IT IS SO ORDERED.**

February 28, 2013
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court

7